IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN S. MARTIN,<br><br>    Petitioner,<br><br>  vs.<br><br>ROBERT HOREL, Warden,<br><br>    Respondent. | No. C 07-5207 JSW (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at Pelican Bay State Prison, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his continued confinement in prison beyond the expiration of his sentence. Plaintiff filed an amended petition on October 26, 2007, which supercedes the original petition. This order directs Respondent to show cause why the amended petition should not be granted.

## BACKGROUND

According to the amended petition, Petitioner was convicted in Los Angeles County Superior Court of attempted robbery of a peace officer, and sentenced on August January 20, 1997, to a term of 11 years in state prison. No parole term was imposed at that time. His sentence expired on September 18, 2007. On July 6, 2007, Petitioner's release on parole was revoked because he refused to sign parole papers.

## DISCUSSION

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II    Legal Claims

The petition raises the following ground for relief: (1) the imposition of a parole term by the California parole board violates his right to due process; (2) the imposition of a parole term violates a state created liberty interest protected by due process; and (3) the imposition of a parole term violates the Ex Post Facto Clause of the constitution. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his claims.

## III.    Exhaustion

A prisoner in state custody who wishes to challenge either the fact or length of his confinement by filing a federal petition for writ of habeas corpus must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

Petitioner states that he attempted to exhaust the claims in the instant petition by raising them in administrative appeals to the California Board of Prison Terms and the Director of the California Department of Corrections.[1]  Such efforts do not satisfy the

---

[1] The Court further notes that Petitioner signed the original petition on August 13, 2007, before the alleged expiration of his sentence, and only several weeks after the July 6, 2007 decision by the Board to revoke his release on parole. Under these circumstances, Petitioner did not have sufficient time to fairly

2

exhaustion requirement for federal habeas corpus petitions; Petitioner must present each and every claim he wishes to raise herein to the highest state court before it may be considered by the federal court. As Petitioner has not presented any of his claims to the highest state court, he has not exhausted his state court remedies. As such, the petition must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982), *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (declining to extend the rule in *Rhines v. Webber,* 125 S. Ct. 1528, 1535 (2005) to completely unexhausted petitions and finding that the district court must dismiss such a petition based on *Jimenez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001)). A dismissal solely for failure to exhaust is not a bar to Petitioner's returning to federal court after exhausting available state remedies. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

## CONCLUSION

For the foregoing reasons, this petition is DISMISSED without prejudice to Petitioner's filing a new federal habeas petition once he has exhausted state remedies by presenting his claims to the highest state court. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: April 1, 2008

JEFFREY S. WHITE
United States District Judge

---

```
present his claims to the highest state court before filing the
instant petition.
```

3